# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>ASHISH AGGARWAL, SHAHRIYAR BOLANDIAN, and KEVAN SADIGH,<br><br>    Defendants,<br><br>    and<br><br>FARHAD BOLANDIAN and PARDIS BOLANDIAN,<br><br>    Relief Defendants. | Case No.  2:15-cv-06460-TJH (MARx)<br><br>**FINAL JUDGMENT AS TO DEFENDANT ASHISH AGGARWAL**<br><br>Courtroom:   9C<br><br>Judge:          Hon. Terry J. Hatter, Jr.<br>Magistrate:  Hon. Margo A. Rocconi. |

The Securities and Exchange Commission having filed an Amended Complaint [ECF No. 92] and Defendant Ashish Aggarwal ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Amended Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact, or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading;  or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

by: (i) buying or selling a security of any issuer, on the basis of material nonpublic information, in breach of a fiduciary duty or other duty of trust or confidence that is owed directly, indirectly, or derivatively, to the issuer of that security or the shareholders of that issuer, or to any other person who is the source of the information; or (ii) by communicating material nonpublic information about a

1  security or issuer, in breach of a fiduciary duty or other duty of trust or confidence,
2  to another person or persons for purposes of buying or selling any security.
3      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
4  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
5  binds the following who receive actual notice of this Final Judgment by personal
6  service or otherwise: (a) Defendant's officers, agents, servants, employees, and
7  attorneys; and (b) other persons in active concert or participation with Defendant or
8  with anyone described in (a).

9                                  II.

10     IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
11 Defendant is permanently restrained and enjoined Defendant from violating Section
12 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. §
13 240.14e-3] promulgated thereunder, in connection with any tender offer or request or
14 invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative
15 act or practice, by:

16         (a)    purchasing or selling or causing to be purchased or sold the
17                 securities sought or to be sought in such tender offer, securities
18                 convertible into or exchangeable for any such securities or any
19                 option or right to obtain or dispose of any of the foregoing
20                 securities while in possession of material information relating to
21                 such tender offer that Defendant knows or has reason to know is
22                 nonpublic and knows or has reason to know has been acquired
23                 directly or indirectly from the offering person; the issuer of the
24                 securities sought or to be sought by such tender offer; or any
25                 officer, director, partner, employee or other person acting on
26                 behalf of the offering person or such issuer, unless within a
27                 reasonable time prior to any such purchase or sale such
28

information and its source are publicly disclosed by press release or otherwise; or

(b) communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person of such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

   (i) to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

   (ii) to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the planning, financing, preparation or execution of the activities of the issuer with respect to such tender offer; or

   (iii) to any person pursuant to a requirement of any statute or rule or regulation promulgated thereunder;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $6,000, representing net profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $3,361.  The Court finds that sending the disgorged funds to the United States Treasury, as ordered below, is consistent with equitable principles.  The Court further imposes a civil penalty in the amount of $18,000 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1].  Defendant shall satisfy these obligations by paying $27,361 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Ashish Aggarwal as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

FINAL JUDGMENT AS TO ASHISH AGGARWAL, CASE NO. 2:15-cv-06460-TJH (MARx)

     Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

     The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action.

     Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

## IV.

     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Amended Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  January 30, 2025

*Terry J. Hatter, Jr.*
HON. TERRY J. HATTER, JR.
United States District Judge

FINAL JUDGMENT AS TO ASHISH AGGARWAL, CASE NO. 2:15-CV-06460-TJH (MARx)